**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

THOMAS RITTWEGER,                :
                                                 Civil Action No. 09-3614 (NLH)
           Petitioner,    :

           v.             :    **OPINION**

UNITED STATES OF AMERICA,       :

           Respondents.   :

**APPEARANCES**:

Petitioner <u>pro se</u>
Thomas Rittweger
FCI Fort Dix Camp
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

    Petitioner Thomas Rittweger, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondent is the United States of America.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition. See 28 U.S.C. § 2243.

## I.   BACKGROUND

In 2005, Petitioner was convicted in the U.S. District Court for the Southern District of New York of various conspiracy, fraud, and racketeering charges. See United States v. Rittweger, Criminal No. 02-0122 (S.D.N.Y.).[2]  Petitioner was sentenced to a term of 135 months imprisonment, pursuant to which he is presently confined, to be followed by a three-year term of supervised release.  Judgment was entered on June 28, 2005.

Petitioner filed in the trial court a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, which was dismissed. See Rittweger v. United States, Civil No. 08-7130 (S.D.N.Y.).

Here, Petitioner has filed a § 2241 Petition, arguing that the supervised release portion of his sentence is unlawful, because the mandatory nature of the U.S. Sentencing Guidelines provision requiring imposition of a period of supervised release

---

[2] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition. See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

conflicts with the statutory language which provides that a court "may" include, as part of a sentence, a term of supervised release.  See 18 U.S.C. § 3583(a); U.S.S.G. §§ 5D1.1, 5D1.2.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

### III.  ANALYSIS

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255

4

must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  A one-year period of limitations applies to § 2255 motions.  See 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive petition limitations, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention."  See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

Here, Petitioner seeks to obtain the benefit of a line of cases addressing judicial discretion at sentencing.  In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), pursuant to the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 542 U.S. 296

6

(2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 542 U.S. at 302 (internal quotations omitted). Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the United States Sentencing Guidelines, finding the Guidelines unconstitutional, and rendering them merely advisory, rather than mandatory.

 Petitioner has not established that the remedy provided by § 2255 is inadequate or ineffective to test the legality of the supervised release portion of his sentence. The argument that the Guidelines were contrary to § 3583(a) was available to Petitioner at the time of his sentence. See, e.g., United States v. Chinske, 978 F.2d 557 (9th Cir. 1992) (holding that Guidelines provision did not take away sentencing court's discretion in ordering supervised release). Moreover, the Court of Appeals for the Third Circuit has specifically held that the Dorsainvil exception is not available to bring an Apprendi claim under § 2241 that otherwise would not meet the gatekeeping requirements of § 2255. See Okereke, 307 F.3d at 120-21. Thus, this Court lacks jurisdiction under § 2241 to hear Petitioner's claims. Instead, this Petition must be construed as a second or

successive § 2255 motion, over which this Court also lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Because Petitioner could have raised the claims presented here in a timely appeal or § 2255 motion, because Petitioner has already filed a § 2255 motion, and because the claim appears meritless, see U.S. v. Chinske, it does not appear that it would be in the interest of justice to construe the Petition as one for leave to file a second or successive § 2255 motion and to transfer it to the U.S. Court of Appeals for the Second Circuit.  The Petition will be dismissed for lack of jurisdiction.

In the alternative, the Petition fails on the merits.  This Court is persuaded by the reasoning of the Court of Appeals for the Ninth Circuit in Chinske.  As that Court noted, the commentary to U.S.S.G. § 5D1.1 states that "while there may be cases within this category that do not require post release supervision, these cases are the exception and may be handled by a departure from this guideline."  Thus, the Guidelines "mandatory" term of supervised release is, in reality, flexible and dependent upon the sentencing court's exercise of discretion.

In addition, the rule announced in Booker and its predecessor cases does not apply retroactively to cases on collateral review.  See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (Booker does not apply retroactively to cases on collateral review); United States v. Swinton, 333 F.3d 481 (3d Cir.), cert. denied, 540 U.S. 977 (2003) (Apprendi does not apply retroactively to cases on collateral review); In re Turner, 267 F.3d 225 (3d Cir. 2001) (same); United States v. Price, 400 F.3d 844, 849 (10th Cir.), cert. denied, 126 S.Ct. 731 (2005) (Blakely does not apply retroactively to cases on collateral review).

Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

### IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed.  An appropriate order follows.


At Camden, New Jersey          /s/ NOEL L. HILLMAN
                               Noel L. Hillman
                               United States District Judge
Dated: July 29, 2009

9